UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, INC., <br><br> Plaintiff, <br> v. <br> QUYNN ALAN PHILLIPS, <br><br> Defendant. | Civil No. 11cv0029 JAH(JMA) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST QUYNN ALAN PHILLIPS [DOC. # 10]** |

### INTRODUCTION

Pending before this Court is the motion for default judgment filed by plaintiff Liberty Media Holdings, Inc. ("plaintiff") against defendant Quynn Alan Phillips ("defendant"). No opposition to the motion has been filed and no appearance was made at the hearing set for this matter. Based on a careful consideration of the record, and for the reasons set forth below, this Court GRANTS plaintiff's motion and enters judgment accordingly.

### BACKGROUND

The instant complaint was filed on January 6, 2011 and an amended complaint was filed on February 14, 2011, substituting the name of defendant Quynn Alan Phillips for Alan Phillips (hereinafter "defendant"). Plaintiff Liberty Media Holdings, LLC ("plaintiff") produces "high quality adult entertainment films, which are distributed throughout the world on DVDs and over the Internet on a website where its members pay a monthly fee for authorized access to Liberty's works." Doc. # 10-1 ¶ 12. Plaintiff

alleges, in its complaint, that defendant infringed its copyrights to two of plaintiff's works: "Turner F***s Austin" and "Keagan." by using an online media distribution system (Bit Torrent) to download, distribute and/or make available to the public for distribution. Id. ¶ 14; Doc. # 6 (Am.Compl.) ¶ 7. The instant motion seeks entry of default judgment against defendant for (1) statutory damages for each infringement alleged in the complaint of $50,000, for a total of $100,000 pursuant to 17 U.S.C. § 504(c); (2) a permanent injunction pursuant to 17 U.S.C. § 502; and (3) attorneys fees in the amount of $3,867.00 (9.1 hours of attorney time at $425 per hour). See Doc. # 10-1 ¶¶ 25, 26, 27.

Plaintiff filed proof of service of the original complaint on February 7, 2011. See Doc. # 5. On March 9, 2011, plaintiff filed a Motion for Entry of Default against defendant, see Doc. # 8, and the clerk entered default that same day. See Doc. # 9. The instant motion for default judgment by the court was filed on March 18, 2011. The motion was originally scheduled for May 2, 2011 but was continued until May 31, 2011 on the court's own motion. See Doc. # 11.

**DISCUSSION**

**1.   Legal Standard**

Default judgments by the Court are governed by Rule 55(b) of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 55. Under Rule 55(b), the Court has discretion to enter a default judgment against a defendant who is not an infant, incompetent or a member of the military where the claim is for an amount not certain from the face of the complaint if (1) the defendant has been served with the complaint; (2) default has been entered against defendant for failure to appear; (3) if defendant has appeared, reasonable notice has been given of the hearing; and (4) the Court has taken any necessary investigative steps to ensure proper entry of judgment. Fed.R.Civ.P. 55(b); Warner Bros. Records, Inc. v. Malacara, 2007 WL 613940 * 1 (C.D.Cal.)(citing Alan Neuman Productions, Inc., 862 F.2d 1388, 1392 (9th Cir. 1988)). The Court may also consider

various factors in exercising its discretion to enter default judgment.[1]  <u>Warner Bros. Records, Inc.</u>, 2007 WL 613940 at *1.

Default judgment generally bars a defaulting party from disputing the facts alleged in the complaint but does not bar a defendant from challenging the sufficiency of the factual allegations to state a claim. <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392. The Court takes as true all well-pleaded allegations but legally insufficient facts are not established by default. <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

**2.    Analysis**

In the instant motion, plaintiffs seek damages pursuant to the Copyright Act, which provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer ... or (2) statutory damages, as provided in subsection (c)." 17 U.S.C. § 504(a). Subsection (c) provides:

> the copyright owner may elect, at any time before final judgment is rendered to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum of not less than $750 or more than $30,000 as the Court considers just.

17 U.S.C. § 504(c)(1). However, where the infringement is found to be willful, upon a showing by the copyright owner, the Court may, in its discretion, increase the statutory amount to a sum not more than $150,000 per work or, if the Court finds the infringer was not aware or had no reason to believe his or her acts constituted infringement or copyright, the court may reduce the sum to not less than $200. 17 U.S.C. § 504(c)(2). Plaintiffs need not prove actual damages if electing an award of statutory damages pursuant to Section 504. <u>Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.</u>,

---

[1] Those factors include (1) the nature and extent of the delay; (2) the possibility of prejudice to the plaintiff; (3) the merits of plaintiff's claims; (4) the sufficiency of the complaint's allegations; (5) the amount in controversy; (6) the possibility of a dispute concerning the material facts; (7) whether the default occurred due to excusable neglect; and (8) the policy favoring decisions on the merits. <u>Warner Bros. Records, Inc.</u>, 2007 WL 613940 at *1 (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986); <u>Alan Neumann Productions, Inc.</u>, 862 F.2d at 1392)).

Case 3:11-cv-00029-JAH-JMA   Document 12   Filed 06/06/11   PageID.67   Page 4 of 5

259 F.3d 1186, 1194 (9th Cir. 1997). Here, plaintiff seeks statutory damages of $50,000 per work for a total of $100,000. In addition, plaintiff seeks attorneys fees in the amount of $3,867.00 for a total of $103,867.00. Plaintiff also seeks a permanent injunction against defendant enjoining him from future similar misconduct.

A review of the record reflects that service of process upon defendant was sufficiently affected on February 7, 2011, through substitute service accomplished by e-mail pursuant to the Court's order granting such substitute service. *See* Docs. # 4, 5. After the clerk entered default, plaintiffs filed the instant motion and served the motion on defendant by e-mail. *See* Doc. # 10. In support of their motion, plaintiffs have submitted a declaration by Eric Gapp, Vice President of Intellectual Property Management for plaintiff, attesting that plaintiff did not authorize defendant to duplicate and/or distribute any of its works, that $425.00 per hour is a reasonable rate for an attorney of Marc Randazza's experience and caliber, and that 9.1 hours of billable time is more than reasonable. Gapp Decl. ¶¶ 1, 4, 5. The record further reflects no indication or a mistake or excusable neglect by defendant in failing to respond to the complaint, nor any apparent likelihood of a dispute as to a material fact and no just cause for delay has been presented. In addition, a review of the complaint reveals that plaintiffs' allegations of copyright infringement have been sufficiently presented. Thus, it appears plaintiffs have sufficiently shown they are entitled to a default judgment.

Plaintiff claims that willfulness is clearly shown because "uploading and sharing content using Bit Torrent requires some technical knowledge and does not happen by accident." Doc. # 10-1 ¶ 17. According to plaintiff, defendant Phillips "is an unabashed and unrepentant intellectual property thief ... [who is] fully aware that his actions were illegal ..." Id. ¶ 18. Thus, plaintiff notes it could seek $150,000 per work infringed in statutory damages, but seeks $50,000 per work instead as a deterrent against future misconduct and seeks an amount of attorneys fees that appear to be appropriate for this case.

//

4

11cv0029

This Court, however, is unconvinced by plaintiff's willfulness argument. The record, as presented does not support a finding of willfulness based solely on plaintiff's speculative argument that Bit Torrent requires technical knowledge such that a person using the application necessarily used it in order to defraud plaintiff. Thus, this Court finds that the increase in statutory damages suggested by plaintiff is not appropriately assessed here. *See* 17 U.S.C. § 504(c)(2). In this Court's view, statutory damages of $30,000 per infringed work, for a total of $60,000.00 plus attorneys' fees is reasonable. This Court further finds that an order enjoining defendant from further infringement is appropriately entered.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment against Quynn Alan Phillips [doc. # 10] is **GRANTED**;
2. Default judgment against defendant Quynn Alan Phillips is entered in favor of plaintiff in the amount of $63,867.00, consisting of $30,000.00 statutory damages per each infringed work (for a total of $60,000.00) plus $3,867.00 in attorneys fees;
3. Defendant Quynn Alan Phillips is enjoined from any further infringement on plaintiff's copyrighted works; and
4. The Clerk of Court shall terminate this case.

DATED: June 6, 2011

JOHN A. HOUSTON
United States District Judge